### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | | |
|---|---|---|
| JACKIE JUNIOR LYLE, | : | |
| Plaintiff | : | |
| VS. | : | |
| Officer ROSS and GEORGIA DEP'T OF CORRECTIONS, | : | NO. 7:09-CV-34 (HL) |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **JACKIE JUNIOR LYLE** has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

## I.  STANDARD OF REVIEW

### A.  28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,'... without regard

to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  ***Id.***

## II.  BACKGROUND

Plaintiff brings this action arising out of incident occurring while plaintiff was an inmate at Valdosta State Prison.  Plaintiff alleges that on October 27, 2008, defendant Officer Ross subjected to plaintiff to physical abuse, including grabbing plaintiff around the neck, "banging" his head several times against metal bars and a concrete wall, and punching plaintiff in the face several times. As a result of the assault, plaintiff suffered cuts and bruises above and below his eye, as well as a "serious migraine head injury to [his] brain."

## III.  DISCUSSION

### A.  Georgia Department of Corrections

Besides Officer Ross, plaintiff names the Georgia Department of Corrections ("GDOC") as a defendant.  The GDOC, however, is an agency of the state.  A state and its agencies are not "persons" who may be sued under section 1983.  ***Will v. Michigan Dep't of State Police***, 491 U.S. 58, 71 (1989).  Accordingly, it is **RECOMMENDED** that the **GDOC** be **DISMISSED** as a

defendant herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with United States District Judge Hugh Lawson within ten (10) days after being served a copy of this order.

### *B. Officer Ross*

Plaintiff's allegations that he was subjected to unnecessary force which caused him to suffer harm are sufficient, at this juncture, for this Court to allow plaintiff's complaint to go forward. Accordingly, it is hereby **ORDERED** that service be made against Officer Ross.

### *IV. CONCLUSION*

In a separate order, the undersigned has directed that plaintiff's lawsuit go forward against defendant Officer Ross. The undersigned **RECOMMENDS** that plaintiff's claims against the GDOC be **DISMISSED** and that it be **TERMINATED** as a defendant herein.

**SO RECOMMENDED**, this 13th day of March, 2009.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE